IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DONALD L. ACEVEDO,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN POTTER, U.S. POSTMASTER GENERAL, U.S. POSTAL SERVICE,<br><br>    Defendant. | CIVIL NO. 08-1468 (DRD) |

**REPORT AND RECOMMENDATION**

**I.  PROCEDURAL BACKGROUND**

Pending before the court is a motion to dismiss based on failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)"). (Docket No. 14.) On February 22, 2008, plaintiff Donald L. Acevedo ("Acevedo") filed the present action against defendant John Potter, U.S. Postmaster General, alleging employment discrimination based on disability in violation of the Rehabilitation Act. (Docket No. 1.)

Defendant filed the pending request for dismissal on March 6, 2009. (Docket No. 14.) In essence, the motion argues that plaintiff has failed to allege (1) that he suffers from a disability within the meaning of the Rehabilitation Act; (2) that he is a qualified individual under the said Act; and (3) that he has been subject to an adverse employment action because of his disability. (Docket No. 14 at 1-2.) Plaintiff has filed an opposition to the motion contesting all grounds for dismissal, (Docket No. 18), and each party has filed a reply memorandum. (Docket Nos. 21, 23.)

1

## II. LEGAL ANALYSIS

### A. Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must limit its focus to the allegations of the complaint.[1] Litton Indus., Inc. v. Colón, 587 F.2d 70, 74 (1st Cir. 1978). Specifically, the inquiry should be "whether a liberal reading of [the complaint] can reasonably admit of a claim . . . ." Id. An evaluation of a motion to dismiss under Rule 12(b)(6) requires the court to "accept as true 'all well-pleaded factual averments and indulg[e] all reasonable inferences in plaintiff's favor.'" Doyle v. Hasbro, Inc., 103 F.3d 186, 190 (1st Cir. 1996) (quoting Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)). Dismissal under Rule 12(b)(6) is appropriate only if the facts alleged, taken as true, do not warrant recovery. Aulson, 83 F.3d at 3.

In order to survive a motion to dismiss, plaintiff must "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988). Although all inferences must be made in plaintiff's favor, the court need not accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." Aulson, 83 F.3d at 3.

The Supreme Court held in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), that in order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief." Rodríguez Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (quoting Twombly, 550 U.S. at 559). "While Twombly does not require heightened fact pleading of specifics, it does require enough facts to 'nudge [plaintiffs'] claims across the line from conceivable to plausible.'

---

[1] Plaintiff has attached several exhibits to his opposition memorandum and his surreply memorandum. (Docket Nos. 18-2, 18-3, 23-2.) Because the court's review of a Rule 12(b)(6) motion is limited to the allegations contained in the complaint, those exhibits are not considered for the purposes of this report and recommendation.

Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" Torres v. Bella Vista Hosp., Inc., 523 F. Supp. 2d 123, 133 (D.P.R. 2007) (quoting Twombly, 550 U.S. at 555-56) (citation omitted). Although Twombly was decided in the antitrust context, the Supreme Court recently held that the standard expounded in that decision applies to "all civil actions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009).

**B. Rehabilitation Act**

The Rehabilitation Act provides that "no otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, . . . be subjected to discrimination under any program or activity . . . conducted by . . . the United States Postal Service." 29 U.S.C. § 794(a). Thus, to assert a claim under the Rehabilitation Act, plaintiff must plead facts demonstrating (1) that he is disabled within the meaning of the act; (2) that he was a qualified individual, able to perform the essential functions of his job, with or without reasonable accommodation; and (3) that the employer took adverse action against him because of his disability. See Bailey v. Ga. Pac. Corp., 306 F.3d 1162, 1166 (1st Cir. 2002). In cases where the particular claim is failure to accommodate, the third prong of the test requires plaintiff to prove that despite his employer's knowledge of his disability, the employer did not offer a reasonable accommodation for the disability. Enica v. Principi, 544 F.3d 328, 338 (1st Cir. 2008) (citing Calero Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 20 (1st Cir. 2004)). Each of these elements will be addressed separately.

**1. Disability**

For the purposes of the Rehabilitation Act, an "individual with a disability" is any individual who has "a physical or mental impairment which substantially limits one or more major life activities

. . . ," has "a record of such an impairment," or is "regarded as having such an impairment." 42 U.S.C. § 12102; see 29 U.S.C. § 750(b); Rolland v. Potter, 492 F.3d 45, 47 (1st Cir. 2007). To properly allege disability, a plaintiff must allege facts supporting each of three elements: "(1) that he or she suffers from a physical or mental impairment; (2) that the 'life activity' limited by the impairment qualifies as 'major;'[2] and (3) that the limit imposed on the plaintiff's major life activity is substantial." See Rolland, 492 F.3d at 48 (citing Calero Cerezo, 355 F.3d at 20).

In the instant case, plaintiff claims that he suffers from a mental impairment and a physical impairment, each affecting distinct life activities. Accordingly, the court separately examines whether each alleged impairment qualifies as a disability under the Rehabilitation Act.

**a. Disability: Mental Impairment**

Plaintiff claims to have bipolar disorder, (Docket No. 1, ¶¶ 7, 16), which defendant concedes is an illness that qualifies as a mental impairment under Equal Employment and Opportunity Commission ("EEOC") regulations. (Docket No. 14 at 5); 29 C.F.R. §1630.2.(h)(2); see Román Martínez v. Potter, 550 F. Supp. 2d 270, 278 (D.P.R. 2008) (citing Calero Cerezo, 355 F.3d at 20).[3] Plaintiff also alleges that his mental impairment affects a major life activity. In its pertinent part, the complaint states that his mental impairment affects "his ability to handle stressful situation [sic], and makes him angry, overly defensive and irritable. . . . He also has a poor memory." (Docket No. 1,

---

[2] Equal Employment and Opportunity Commission regulations describe "major life activity" as "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i).

[3] Apart from plaintiff's allegation that he has bipolar disorder, he has also asserted that he is "regarded as having a mental impairment." The complaint states that Dr. Marta Orraca, a member of defendant's medical staff, reviewed numerous certificates from plaintiff's psychiatrist, "told him he was a danger to his co-workers[,] and referred him to a psychiatrist . . . ." (Docket No. 1, ¶ 10.) Later, "[p]laintiff was treated as a crazy person by [defendant's] employees." (Docket No. 1, ¶ 16.)

¶ 16.) In addition, the complaint cites one occasion where he received emergency psychiatric treatment. (Docket No. 1, ¶ 14.) These allegations suggest that plaintiff's bipolar illness affects ability to think and to interact with others. Those activities "may be reasonably subsumed within the broader context of working and learning," which are among the major life activities explicitly identified by EEOC regulations. Román Martínez, 550 F. Supp. 2d at 278 (citing Whitney v. Greenberg, Rosenblatt, Kull & Bitsoli, P.C., 258 F.3d 30, 33 n.4 (1st Cir. 2001)); see 29 C.F.R. § 1630.2(i).

Defendant argues, however, that plaintiff's mental impairment does not substantially limit any major life activity because plaintiff has "admit[ted] in his complaint that he is stabilized by the medicine" and that he has worked for the defendant for ten years after being diagnosed as bipolar. (Docket No. 14 at 6.) If plaintiff's mental impairment is indeed corrected by his medication, then the impairment does not substantially limit a major life activity. See Román Martínez 550 F. Supp. 2d at 278-79 (citing Sutton v. United Air Lines, Inc., 527 U.S. 471, 482 (1999)). The complaint reads that plaintiff "has to take daily medication in order to stabilize" himself. (Docket No. 1, ¶10). This allegation, however, does not clarify whether such medication eliminates all the symptoms of plaintiff's mental health condition or in the alternative, whether such medication substantially removes the impairment caused by said condition. The degree to which plaintiff's medication and stabilization efforts are effective in substantially correcting his mental condition may or may not be a material fact in controversy better suited for the summary judgment stage, particularly because at this juncture of the proceedings the court draws all reasonable inferences in plaintiff's favor.[4]

---

[4]Even if we were to assume, *arguendo*, that the complaint admits that defendant's mental condition is fully corrected once medicated, such argument still fails to address the complaint's "regarded as" allegation, namely that "plaintiff was treated as a crazy person by the Agency's employees." (Docket No. 1 at ¶16).

Moreover, plaintiff is not necessarily foreclosed from claiming substantial impairment merely because he managed to maintain his employment for a significant number of years after being initially diagnosed with a mental health condition, as it is possible for a mental health condition to worsen throughout time. While the severity of plaintiff's bipolar disorder is not explicitly articulated in the complaint, the alleged facts make it plausible that plaintiff's impairment substantially limits a major life activity.[5]  See Twombly, 550 U.S. at 555. Therefore, plaintiff has sufficiently alleged that he is mentally disabled.

### b. Disability: Physical Impairment

Plaintiff alleges that he "suffered an injury on the job" while lifting a tray, but fails to identify the nature of his physical impairment. (Docket No. 1, ¶ 8.) Plaintiff later asserts that his unspecified "physical condition" affects his ability to sit, stand, and lift. (Docket No. 1, ¶ 17.) The court finds this assertion to be conclusory. See Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 66 (1st Cir. 2004); Aulson, 83 F.3d at 3. Plaintiff also states that his "on the job injury" prevents him from doing "daily chores at home . . . such as gardening," and keeps him from enjoying "recreational activities such as swimming and playing basketball." (Docket No. 1, ¶ 17.) Nonetheless, these allegations do not provide fair notice of the nature of plaintiff's alleged impairment; the court can do no more than speculate as to what his physical disability is. See Twombly, 550 U.S. at 555. Therefore, plaintiff has failed to allege a plausible entitlement to relief under the Rehabilitation Act based on physical disability. See id. Accordingly, plaintiff's right to relief under the Act is limited to claims based on alleged mental disability, and the court proceeds

---

[5]In this context, "[t]he word substantially means 'considerable' or 'specified to a large degree' but it should not be equated with utter inabilities.'" Román Martínez 550 F. Supp. 2d at 278-79 (citing Calero Cerezo, 355 F.3d at 21).

to address the remaining arguments solely on that basis.[6]

### 2. Qualified Individual

An employee is a "qualified individual" under the Rehabilitation Act if he "possesses the requisite skill, experience, education and other job-related requirements for the position" and "is able to perform the essential functions of the position with or without reasonable accommodation." Calero Cerezo, 355 F.3d 6 at 22 (citing Garcia Ayala v. Lederle Parenterals, Inc., 212 F.3d 638, 646 (1st Cir. 2000)). In the instant case, Acevedo was employed as a post office clerk for approximately ten years prior to the events giving rise to his complaint. (Docket No. 1, ¶¶ 6, 8.) This permits the inference that he is a qualified individual. See Banks v. Hit or Miss, Inc., 946 F. Supp. 569 (N.D. Ill. 1996) (denying motion to dismiss which had been predicated in part on argument that plaintiff had not properly alleged he was qualified as assistant manager in defendant's store, where complaint asserted that defendant had employed plaintiff in that capacity for over two years); see also Velázquez Torruella v. Dep't of Educ. of P.R., No. 08-1485(JP), 2009 WL 972998, at *5 (D.P.R. April 9, 2009) (finding that plaintiff had properly alleged he was qualified as a teacher based on sparse complaint asserting that plaintiff was "a well-qualified teacher, with or without the accommodation requested.").

Defendant argues that the facts alleged in the complaint preclude a finding that plaintiff is a qualified individual. (Docket No. 14 at 7-8.) Specifically, because "[t]he complaint states plaintiff's phsyiatrist [sic] put him in bed rest from December 1, 2005 to January 18, 2006," plaintiff was not a qualified individual due to "excessive leave" and "absenteeism." (Docket No. 14 at 7.);

---

[6]Even though the motions filed by the parties allude to plaintiff's "back condition", nowhere in the complaint is it specified that plaintiff's job-related injury affected his back. (E.g., Docket No. 14 at 6; Docket No. 18 at 4; Docket No. 21 at 4).

7

see González Rodríguez v. Potter, 605 F. Supp. 2d 349, 368 (D.P.R. 2009) (finding that employee with excessive absences was not a qualified individual). Whether plaintiff took "excessive leave" or failed to dependably attend the workplace, however, may or may not turn out to be a material fact in controversy, and hence should be addressed within the context of a motion for summary judgment. Plaintiff has adequately pled he is a qualified individual and thus, the court proceeds to the defendant's third argument.

### 3. Adverse Employment Action Based on Disability

Plaintiff claims that defendant took adverse employment action against him because of his alleged mental disability.[7] In order to establish a case of disability discrimination based on adverse employment action, plaintiff must show that defendant carried out an adverse employment action motivated in whole or in part by his disability. Castro Medina v. Procter & Gamble Commercial Co., 565 F. Supp. 2d 343, 371. "To be adverse, an action must materially change the conditions of a plaintiff's employ. . . . Material changes include demotions, disadvantageous transfers or assignments, refusals to promote, unwarranted negative job evaluations, and toleration of harassment by other employees." Id. (quoting Gu v. Boston Police Dep't, 312 F.3d 6, 14 (1st Cir. 2002)) (internal citations omitted).

In the instant case, plaintiff's complaint evinces several distinct allegations of adverse action. One of those allegations is that after plaintiff's placement on "administrative leave," defendant improperly designated plaintiff as "AWOL" (presumably meaning Absent Without Leave). (Docket

---

[7] As the issue of reasonable accommodation is not raised in the motion to dismiss pending before the court, the same is not addressed.

No. 1, ¶¶ 8, 10, 13.)[8] The attendant denial of leave payments plausibly affects the conditions of plaintiff's employment. See Washington v. White, 231 F. Supp. 2d 71, 81 (D.C. Cir. 2002) (stating that "[a] leave restriction presumably limits the circumstances under which an employee may take leave that has been earned, and might be considered an adverse personnel action insofar as it restricts plaintiff's ability to take leave to which he would otherwise be entitled.").

Defendant argues that plaintiff's AWOL status cannot constitute adverse employment action because "any resulting salary loss would have been minor," and therefore the denial of leave payments could not be a "material" change in the conditions of plaintiff's employment. (Docket No. 14 at 9.) Once again, however, whether plaintiff's salary loss was significant enough to constitute a "material" change is an issue that can be revisited at the summary judgment stage. As alleged, plaintiff's loss of leave payments constitutes a plausible adverse employment action sufficient to survive a motion to dismiss. See Twombly, 550 U.S. at 559.

Further, plaintiff has sufficiently alleged that defendant was motivated in whole or in part by his mental disability when it designated him as AWOL. Discriminatory animus may be shown by direct evidence or by indirect evidence under the standard set by McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Martínez Jordan v. Baxter Healthcare Corp., 608 F. Supp. 2d 224, 239 (D.P.R. 2009) (citing McDonnell Douglas Corp., 411 U.S. 792). Here, plaintiff's complaint supports an indirect inference of discriminatory animus based on mental disability. The alleged adverse employment action took place soon after a member of defendant's medical staff placed plaintiff in administrative leave, told plaintiff "that he was a danger to his co-workers[,] and referred him to a

---

[8] It appears, although it is not entirely clear, that the complaint alleges that the "AWOL" designation was an adverse employment action triggered by both plaintiff's unspecified physical injury and his mental condition.

9

psychiatrist." (Docket No. 1, ¶ 10.) The temporal proximity between this apparently forced evaluation and plaintiff's designation as AWOL suffices to allege the requisite discriminatory animus. See Troupe v. May Dep't Stores Co., 20 F.2d 734, 736 (7th Cir. 1997) (identifying suspicious timing as circumstantial evidence permitting an inference of intentional discrimination).

### III. CONCLUSION

In view of the foregoing, defendant's motion to dismiss (Docket No. 14) should be GRANTED in part and DENIED in part. In particular, plaintiff's claims under the Rehabilitation Act based on discrimination due to an unspecified physical disability should be DISMISSED. The request for dismissal as to plaintiff's cause of action based on his mental disability, however, should be DENIED.

IT IS SO RECOMMENDED.

Pursuant to the order of referral, (Docket No. 24), the parties have five (5) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4, 6-7 (1st Cir.1986).

In San Juan, Puerto Rico, this 14th day of December, 2009.

                                          s/Marcos E. López
                                          U.S. MAGISTRATE JUDGE