IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| DONALD ACEVEDO, | * | CIVIL NO. 08-1468(DRD) |
| Plaintiff, | * | |
| v. | * | |
| JOHN E. POTTER, | * | |
| POSTMASTER GENERAL | * | |
| UNITED STATES POSTAL SERVICE | * | |
| Defendant. | * | |

_____

ORDER

Pending before the court is an unopposed Report and Recommendation issued by Hon. Marcos E. López, Magistrate Judge, granting in part and denying in part a Motion to Dismiss filed by the United States (Docket No. 14). The motion of the United States was based on Fed. R. Civ. P. 12(b)(6) for failure to state a claim under the Rehabilitation Act as applied to the United States Postal Service, 29 U.S.C. 794(a). Defendant alleges that Plaintiff, Donal L. Acevedo, hereinafter referred to as "Acevedo," under the standard for pleading pursuant to Bell Atlantic Corp. V. Twombly, 550 U.S. 544 (2009) and the case of Ashcroft v. Iqbal, ___U.S.___, 129 S. Ct. 1937, 1953 (2009) has failed to allege sufficient facts to prove a disability as to a mental impairment and/or physical impairment , further that plaintiff Acevedo is not a qualified individual under the Rehabilitation Act. The United States further alleges that the complaint fails to allege sufficient facts constituting under the Rehabilitation Act an "adverse employment action." The plaintiff, Acevedo, timely filed an Opposition to [the] Motion to Dismiss (Docket 18), wherein the plaintiff alleges that the

complaint is sufficient at all as to the claims made by the United States. Plaintiff further attached to the opposition a copy of the Complaint, Docket 1, and eleven related exhibits.

The thrust of the matter is whether plaintiff under Bell Atlantic v. Twombly, 550 U.S. at 559, has alleged sufficient facts reaching a threshold of "a **plausible** entitlement to relief."[1] Although Twombly constituted an antitrust case, the Supreme Court subsequently clarified that the plausibility requirement applied to "all civil actions." Iqball, 129 S. Ct. At 1953.

## STANDARD FOR REVIEW

The district court may refer dispositive motions to a United States Magistrate Judge for a report and recommendation. 28 U.S.C. § 636(b)(1)(B); Rule 72(b) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."); Local Civil Rule 72(a) of the Local Rules of the United States District Court for the District of Puerto Rico ("L.Civ.R.").

"Absent objection, . . . [a] district court ha[s] a right to assume that [the affected party] agree[s] to the magistrate's recommendation." Templeman v. Chris Craft Corp., 770 F. 2d 245, 247 (1st Cir. 1985), *cert. denied*, 474 U.S. 1021 (1985). Moreover, "failure to raise objections to the Report and Recommendation waives that party's right to review in the district court, and those claims not preserved by such objections are precluded on appeal." Davet v. Maccarone, 973 F. 2d 22, 30-31 (1st Cir. 1992).

In the instant case, no objections to the Magistrate Judge's Report and Recommendation have been filed. Thus, in order to accept the unopposed Report and Recommendation, the court needs only satisfy itself by ascertaining that there is no "plain error" on the face of the record. See Douglass v. United Servs. Auto, Ass'n, 79 F.3d 1415,

---

[1] See also Rodríguez Ortiz v. Margo Caribe Inc., 490 F.3d 92, 95 (1st Cir. 2007).

1419 (5th Cir., 1996)(en banc)(extending the deferential "plain error" standard of review to the un objected legal conclusions of a magistrate judge); Nettles v. Wainwright, 677 F.2d 404, 410 (5th Cir., 1982)(en banc)(appeal from district court's acceptance of unobjected findings of magistrate judge reviewed for "plain error"); Nogueras-Cartagena v. United States, 172 F.Supp.2d 296, 305 (D.P.R., 2001)("Court reviews [unopposed] Magistrate's Report and Recommendation to ascertain whether or not the Magistrate's recommendation was clearly erroneous")(adopting the Advisory Committee note regarding FED.R.CIV.P. 72(b));  Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D.Pa., 1990)("when no objections are filed, the district court need only review the record for plain error.")

As previously explained, since the Magistrate Judge's Report and Recommendation stands unopposed, this court has only to be certain that there is no "plain error" as to the Magistrate Judge's conclusions, in order to adopt the same. After careful analysis, the court finds no "plain error" and agrees with the Magistrate Judge's conclusions, as briefly supplemented herein.

THE REPORT AND RECOMMENDATION, DOCKET 26.

The Report and Recommendation correctly states that an "individual with disability" must allege sufficient facts to show "a physical or mental impairment which substantially limits one or more major life activities," has "a record of such impairment" or is "regarded as having such an impairment." 42 U.S.C. 12102 and 29 U.S.C. 750(b). See Rolland v. Potter, 492 F. 3d 45, 47 (1st Cir. 2007). Plaintiff must, therefore, comply with the following elements: (1) that she or he "suffers from a physical or mental impairment," (2) that "the life activity" impairment qualifies as "major" under the regulations, 29 C.F.R. 1630.2(I) "functions such as caring for oneself, performing minimal tasks, walking, seeing, hearing,

speaking, breathing, learning, and working," (3) that "the limit imposed on the plaintiff's major life activity is substantial." Rolland v. Potter, 492 F. 3d at 48.

## THE MENTAL IMPAIRMENT

The Magistrate Judge determined that the allegations of the complaint as to a mental impairment were met as plaintiff suffers pursuant to the complaint from a "bipolar disorder." Further, the complaint alleges that Acevedo's illness affects a "major life activity" in that his mental impairment affects "his ability to handle stressful situation[s] and makes him angry, overly defensive and irritable . . . he also has a poor memory." (R&R, Docket 26, p. 4, citing Docket 1 §16.) The alleged deficiency "may be reasonably subsumed within the broader context of working and learning." (Docket 26, p. 5, citations omitted.)

The Magistrate Judge surpasses the allegation of the defendant that plaintiff is "stabilized by . . . medicine" indicating that the "major life activity" is still affected as "all the symptoms of plaintiff's mental health" are not necessarily cured or in the alternative it does not "remove all the impairments" (poor memory affecting employment and life). (Docket 26, p. 5.) The Magistrate Judge deems that the above potential material fact may be clarified at "summary judgment state." (Docket 26, p. 5.)  All reasonable inferences made in plaintiff's favor preclude disposition at Motion to Dismiss stage. "While the severity of plaintiff's bipolar disorder is not explicitly articulated in the complaint, the alleged facts make it plausible that plaintiff's impairment substantially limits a major life activity," (Docket 26, p. 6). There being no objection filed the court finds no "plain error" in the reasoning of the Magistrate Judge concluding that "plaintiff has sufficiently alleged that he is mentally disabled." Id.

## THE PHYSICAL IMPAIRMENT

The physical impairment alleged in the complaint is that he suffered an "injury on the job" while lifting a tray," but the "nature of the physical impairment" is not identified. (Docket 26 p. 6). The defendant alleges that said condition affects his ability "to sit, stand and lift," (Docket 1 § 17). The Magistrate Judge asserts that the "assertion was conclusionary" in nature citing <u>Educadores Puertorriqueños en Acción v. Hernández</u>, 367 F. 3d 61, 66 (1st Cir. 2004). "Daily chores at home . . . such as gardening" are also alleged together with "recreational activities such as swimming and playing basketball" relating to such injury. (Docket 1, 12.) But physical disability is not clarified and constitutes merely "speculation." (Docket 26, p. 6.)  The Magistrate Judge concludes that there is "no plausible entitlement to relief as to the physical disability." (Docket 26, p. 6-7.) The Magistrate Judge concluded that the disability allegations are "conclusionary . . . and speculative." The court agrees. No objections have been made, the court finds no "plausible" allegations to sustain the physical claim of disability under the Rehabilitation Act. The claims of physical impairment are, therefore, precluded.

## QUALIFIED INDIVIDUAL

Pursuant to the act a "qualified individual" constituting one wherein the claiming person "possesses the requisite skill, experience and education and other job-related requirements for the position" and is able to perform the essential functions of the position with or without accommodation." <u>Calero Cerezo v. U.S. Dept. of Justice</u>, 355 F.3d 6, 20 (1st Cir. 2004).  Plaintiff Acevedo alleges in the complaint that he was a post office clerk for around ten years prior to the factual scenario described in the complaint. (Docket 1 §6-8.) The Magistrate Judge concluded that "[t]his permits the inference of a qualified individual."

Defendant had argued that because the plaintiff alleged that "the psychiatrist put him in bed rest from December 1, 2005 to January 8, 2006" plaintiff was not a qualified individual due to "excessive" leave and/or "absenteeism." (Docket 13, Motion to Dismiss at p. 7.) But whether or not there was "excessive leave" or "absenteeism" is a matter that should be handled at the summary judgment level to determine whether or not the matter constitutes a "material" or "genuine" fact. No objection to the R&R having been made, the court finds no plain error and agrees with the Magistrate Judge.

## ADVERSE ACTION

As to an adverse action, defendant claims that there is no adverse employment action claimed in the complaint. An adverse employment action constitutes "an action [which] must materially change the conditions of plaintiff's employ[ment] . . . including, demotions, disadvantageous transfers, or assignments, refusals to promote, unwarranted negative job evaluations, and [or] toleration of harassment by other employees." (Docket 26 p. 8.) citing Gu v. Boston Police Dept., 312 F. 3d 6, 14 (1st Cir. 2000). Plaintiff complies by alleging that he was placed on "administrative leave" and that he was improperly designated as "AWOL." (Docket 1, §8, 10-13.) The United States expresses that the employment resulting repercussion would be "minor." However, the issue of the result being a "minor" adverse employment is a material fact that can be ultimately attempted to be clarified at summary judgment not via a motion to dismiss. Plaintiff alleges that the motivation for the adverse employment action was due to his mental disability. The temporal proximity elapsed between his "forced evaluation" and his being placed on AWOL status suffices to raise discriminatory animus. (Docket 26, p. 10.) The court finds no "plain error."

The Report and Recommendation of the Magistrate Judge of December 14, 2009, (Docket 26) **is adopted in toto**.

A status conference is to be hold on June 28, 2010 at 5:00 p.m. The court urges the parties to expeditiously proceed to discovery and seriously entertain settlement discussions.

**IT IS SO ORDERED**.

At San Juan, Puerto Rico, this 31st day of March 2010.

                                                        s/ Daniel R. Domínguez
                                                       **DANIEL R. DOMINGUEZ**
                                                       **U.S. DISTRICT JUDGE**